**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CUNA Mutual Insurance Society, | No. CV 08-1788-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Zenaida Carrillo (aka Zenaida Tejeda Diaz) aka Zenaida Diaz Tejeda); Margaret S. Carrillo; et al., | |
| Defendants. | |

Plaintiff CUNA Mutual Life Insurance Society brought this interpleader action to have the Court resolve disputed claims to the death benefit proceeds of a term life insurance policy issued by Plaintiff to Manuel Carrillo, Policy No. NJ5879571 (the "Policy"). Both Margaret S. Carrillo, Manuel Carrillo's ex-wife, and Zenaida Carrillo, Manuel Carrillo's surviving spouse, submitted claims to Plaintiff for the proceeds of the Policy. The Court granted Plaintiff's Motion for Leave to Deposit (Doc. #9) the Policy proceeds into the Registry of the Court on October 16, 2008. (Doc. #10).

Plaintiff filed an Application for Entry of Order of Exoneration and Discharge of Interpleader, Permanent Injunction, and Award of Costs and Attorneys' Fees (Doc. #15) on November 5, 2008. Initially, both Margaret and Zenaida Carrillo objected only to awarding attorneys' fees to Plaintiffs, not to discharging Plaintiff. Margaret Carrillo filed an additional, late response, without leave of the Court, in which she objected to Plaintiff's Application. (See Doc. #26). She did not cite any law in support of her objection.

1 Because the Court finds that Plaintiff has no interest in the Policy proceeds, has
2 properly served the original claimants to the proceeds, and has deposited the proceeds with
3 the Court, the Court will grant Plaintiff's request to be discharged from this case and from
4 further liability for the funds. *See Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th
5 Cir. 2000)("Interpleader's primary purpose is . . . to protect stakeholders from multiple
6 liability as well as from the expense of multiple litigation."). Additionally, the Court will
7 award Plaintiff attorneys' fees. *See Schirmer Stevedoring Co., LTD v. Seaboard Stevedoring*
8 *Corp.*, 306 F.2d 188, 194 (9th Cir. 1962)(Holding that the proper rule in an interpleader case
9 with a disinterested plaintiff is for the plaintiff to be awarded attorneys' fees for the services
10 of his attorneys in interpleading).

11 Counsel for Plaintiff have filed affidavits in support of Plaintiff's request for
12 attorneys' fees. The Court will award fees only for the time entries attached to the affidavit.[1]
13 After reviewing the affidavit, the Court finds that Plaintiff's attorneys charged a reasonable
14 rate and spent a reasonable amount of time working on this interpleader action. The Court
15 therefore will award Plaintiff $7566 in attorneys' fees to be paid from the sum deposited with
16 the Registry of the Court in this case. The Court sees no just reason for delay on its Order
17 awarding attorneys' fees to Plaintiff. The Court will not award costs at this time. If Plaintiff
18 wants to recover costs, it should file a bill of costs with the Clerk pursuant to Local Rule of
19 Civil Procedure 54.1(a).

20 The Court's favorable ruling on Plaintiff's Application for Entry of Order of
21 Exoneration and Discharge of Interpleader, Permanent Injunction, and Award of Costs and
22 Attorneys' Fees (Doc. #15) moots several other motions pending in the case. The Court will
23 therefore deny as moot the following: Defendant Margaret Carrillo's Motion to File
24 Injunction (Doc. #26), Plaintiff's Motion to Strike Defendant Margaret Carrillo's Motion to
25 File Injunction (Doc. #29), Plaintiff's Motion for Summary Disposition of Application for
26 Entry of Order of Exoneration and Discharge (Doc. #46), and Plaintiff's Motion for

27
28 [1]The Court declines to award an uncertain amount for "future work."

- 2 -

Exemption from Additional Disclosure, Discovery, and other Pretrial Requirements (Doc. #48).

Having resolved Plaintiff's Application, the Court will now turn to other issues pending in the case. Defendant Margaret Carrillo has filed a Motion to Claim Statutory Allowance for Minor Child of Decedent (Doc. #25). This Court is a not a probate Court and will not attempt to act as a probate court. Moreover, as Defendant Zenaida Carrillo correctly points out, life insurance policy proceeds cannot be used to pay statutory allowances in Arizona. *In re Estate of Agans*, 998 P.2d 449, 452 (Ariz. Ct. App. 2000). The Court therefore will deny Margaret Carrillo's Motion.

A non-party to this case, Rachel Carrillo Farris, has filed a Request Proceeds of Insurance Policy Paid to Heirs (Doc. #37). Ms. Farris has not moved to intervene in this case. The Court, however, will construe her Request as a motion to intervene and will grant her leave to intervene. The Court notes that Ms. Farris, as a pro se litigant, cannot represent her brothers and sisters in this action, despite the power of attorney forms. A pro se party cannot act as counsel for another pro se party.

The Court will deny at this time Ms. Farris's Request to pay the insurance proceeds to the heirs. As a party, Ms. Farris will have an opportunity to file a motion for summary judgment after the close of discovery on June 4, 2009 and by the dispositive motion deadline on July 2, 2009. The Court will also deny Defendant Margaret Carrillo's Motion to Pay Beneficiary of Record and not Surviving Spouse (Doc. #47) without prejudice to re-urging her arguments in a dispositive motion after the close of discovery. The Court cautions both Ms. Farris and Margaret Carrillo that any motion for summary judgment they choose to file must comply with both Federal Rule of Civil Procedure 56 and Local Rule of Civil Procedure 56.1, including the requirement to cite to record evidence.

Accordingly,

**IT IS ORDERED** Granting Plaintiff's Application for Entry of Order of Exoneration and Discharge of Interpleader, Permanent Injunction, and Award of Costs and Attorneys' Fees (Doc. #15) as outlined in this Order. Plaintiff is exonerated and discharged from this

1 interpleader action.

2 **IT IS FURTHER ORDERED** that Defendants are permanently enjoined from
3 instituting or pursuing any action against Plaintiff in any court in connection with the Policy
4 proceeds.

5 **IT IS FURTHER ORDERED** that Plaintiff is awarded attorneys' fees in the amount
6 of $7566 to be paid out of the sum deposited with the Registry of the Court for this case.  The
7 Court sees no just reason to delay entering partial final judgment on its award of attorneys'
8 fees to Plaintiffs.

9 **IT IS FURTHER ORDERED** Denying as moot: Defendant Margaret Carrillo's
10 Motion to File Injunction (Doc. #26), Plaintiff's Motion to Strike Defendant Margaret
11 Carrillo's Motion to File Injunction (Doc. #29), Plaintiff's Motion for Summary Disposition
12 of Application for Entry of Order of Exoneration and Discharge (Doc. #46), and Plaintiff's
13 Motion for Exemption from Additional Disclosure, Discovery, and other Pretrial
14 Requirements (Doc. #48).

15 **IT IS FURTHER ORDERED** Denying Defendant Margaret Carrillo's Claim to
16 Statutory Allowance for Minor Child of Decedent (Doc. #25).

17 **IT IS FURTHER ORDERED** Denying, without prejudice to refiling at the
18 appropriate time and in the appropriate form, Defendant Margaret Carrillo's Motion to Pay
19 Beneficiary of Record and not Surviving Spouse (Doc. #47) and Defendant Rachel Carrillo
20 Farris's Request Proceeds of Insurance Policy Paid to Heirs (Doc. #37).

21 DATED this 15th day of May, 2009.

James A. Teilborg
United States District Judge